## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| RONNIE JACKSON, JOSHUA JONES, SHANE KRINGEN, MARVIN FRANCO-MORALES, MITCHELL OSTERLOH, and JESSE PLENTYHORSE,<br><br>Plaintiff,<br><br>v.<br><br>SHARLENE MIKE-LOPEZ, DIANE MEDCHILL, KATHY RIED, BRUCE RIESER, DAVID RIESHUS, TOM ROY, and MICHELLE SMITH, *individually*,<br><br>Defendants. | Civil No. 17-4278 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER** |

Ronnie Jackson, No. 239471, Joshua Jones, No. 222266, Shane Kringen, No. 178338, Marvin Franco-Morales, No. 250893, Mitchell Osterloh, No. 214179, and Jesse Plentyhorse, No. 235901, Minnesota Correctional Facility – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* plaintiffs.

Plaintiffs Ronnie Jackson, Joshua Jones, Shane Kringen, Marvin Franco-Morales, Mitchell Osterloh, and Jesse Plentyhorse brought this case pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment in violation of the Eighth Amendment, denial of due process and liberty in violation of the Fourteenth Amendment, and deprivation of religious freedom in violation of the First Amendment. (Compl. ¶¶ 3, 16-27, Sept. 15, 2017, Docket No. 1.) At the time of filing, none of the plaintiffs paid the required filing

fee; however, Jackson applied for *in forma pauperis* ("IFP") status.  (Jackson IFP App., Sept. 15, 2017, Docket No. 2.)

On November 3, 2017, Magistrate Judge Becky R. Thorson ordered that either the filing fee be paid in full or that each plaintiff submit an application to proceed IFP within 20 days.  (Order at 3-4 ("November 3 Order"), Nov. 3, 2017, Docket No. 11.)  Plaintiffs Kringen and Franco-Morales subsequently filed IFP applications.  (Kringen IFP App., Nov. 22, 2017, Docket No. 12; Franco-Morales IFP App., Nov. 27, 2017, Docket No. 13.)

On December 6, 2017, the Magistrate Judge issued an Order ("December 6 Order") and a Report and Recommendation ("R&R").  The December 6 Order noted that, under the Prison Litigation Reform Act of 1995 ("PLRA"), the plaintiffs who had filed IFP applications were not excused from paying the filing fee altogether, but rather granted permission to pay the fee in installments.  (Order at 2-3, Dec. 6, 2017, Docket No. 15.)  The Magistrate Judge ordered each IFP plaintiff to pay an initial partial filing fee within 20 days.  (*Id.* at 4.)  The R&R recommended that Jones, Osterloh, and Plentyhorse be dismissed from the action for failure to prosecute as they had not paid a filing fee or filed for IFP status by the deadline set in the November 3 Order.  (R&R, Dec. 6, 2017, Docket No. 16.)

The following day, the Court received payment from Jones in the amount of $350.00, which partially satisfied the filing fee.  (Receipt, Dec. 7, 2017, Docket No. 17.)  The Magistrate Judge vacated the R&R as to Jones, noted that the total fee required for non-IFP litigants was $400.00, and ordered Jones to either submit an IFP application or the remaining $50.00 within 20 days.  (Order at 2, Dec. 11, 2017, Docket No. 18.)

Plaintiffs jointly submitted Objections to the December 6 Order and to the R&R. (Joint Objs., Dec. 14, 2017, Docket No. 21.) Jackson and Jones also submitted individual Objections to the R&R. (Jackson Objs., Dec. 14, 2017, Docket No. 19; Jones Objs., Dec. 20, 2017, Docket No. 22.) Kringen filed a Motion for Extension of Time to Pay. (Mot. for Extension, Dec. 21, 2017, Docket No. 23.) Morales paid $27.67, and Plentyhorse filed an IFP application. (Receipt, Dec. 27, 2017, Docket No. 25; Plentyhorse IFP App., Dec. 27, 2017, Docket No. 26.) The Magistrate Judge filed another Order on January 3, 2018, vacating the R&R with respect to Plentyhorse, ordering Plentyhorse to pay an initial partial filing fee of at least $19.67, and granting Kringen's Motion for Extension. (Order ("January 3 Order") at 5, Jan. 3, 2018, Docket No. 27.) The following day, Jones paid an additional $50.00, thus completing payment of the $400 filing fee for non-IFP litigants. (*See* Receipt, Jan. 4, 2018, Docket No. 28.) On January 18, Kringen paid $16.93. (Receipt, Jan. 18, 2018, Docket No. 30.)

## DISCUSSION

28 U.S.C. § 1914(a) states that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee of $350." Under 28 U.S.C. § 1914(b), the Judicial Conference of the United States can prescribe additional fees, and it has added a $50 administrative fee for all civil suits filed.[1] Jones

---

[1] The current District Court Miscellaneous Fee Schedule, effective December 1, 2016, can be found at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule/. The administrative fee does not apply to applications for a writ of habeas corpus or to persons granted IFP status.

paid the $350.00 filing fee on December 7, 2017, and the $50.00 administrative fee on January 4, 2018. Plaintiffs have thus complied with the requirements of 28 U.S.C. § 1914(a).

Because the non-IFP filing fee for the action has been paid in full, Plaintiffs' IFP applications are now moot and will be denied as such. Furthermore, the Magistrate Judge's prior orders regarding Plaintiffs' IFP status and determination of initial partial filing fees are also now moot and will be vacated. As such, the Court will order that the IFP-based initial partial filing fees paid by Morales and Kringen be returned to them. Plaintiffs' objections to the vacated December 6 Order and R&R will be overruled as moot and the R&R will be rejected as moot.

Because Plaintiffs are prisoners bringing a civil action against a governmental entity's employees, the PLRA requires a preliminary screening of the pleadings to determine which aspects are actionable and should be allowed to proceed. 28 U.S.C. § 1915A. The Court will return the matter to the Magistrate Judge to conduct the necessary screening.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Magistrate Judge's November 3, 2017, Order [Docket No. 11], December 6, 2017, Order [Docket No. 15], and January 3, 2018, Order [Docket No. 27] are **VACATED** as moot;

2. Plaintiffs' applications for leave to proceed *in forma pauperis* [Docket Nos. 2, 12, 13, 26] are **DENIED** as moot;

3. Plaintiffs' Objections to the Magistrate Judge's December 6, 2017, Order [Docket No. 21] and Report and Recommendation [Docket Nos. 19, 22] are **OVERRULED** as moot; and

4. The Magistrate Judge's Report and Recommendation [Docket No. 16] is **REJECTED** as moot.

**IT IS HEREBY FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to refund Plaintiff Morales's payment of $27.67 [Docket No. 25] and Plaintiff Kringen's payment of $16.93 [Docket No. 30] in partial satisfaction of their IFP-based filing fees.

DATED:  January 29, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                           Chief Judge
                                       United States District Court