| | |
|---|---|
| RONNIE JACKSON, JOSHUA JONES, SHANE KRINGEN, MARVIN FRANCO-MORALES, MITCHELL OSTERLOH, and JESSE PLENTYHORSE,<br><br>                      Plaintiffs,<br><br>v.<br><br>SHARLENE MIKE-LOPEZ, DIANE MEDCHILL, KATHY RIED, BRUCE RIESER, DAVID RIESHUS, TOM ROY, and MICHELLE SMITH, *individually*,<br><br>                      Defendants. | Civil No. 17-4278 (JRT/BRT)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Ronnie Jackson, No. 239471, and Jesse Plentyhorse, No. 235901, Minnesota Correctional Facility – Stillwater, 970 Picket Avenue North, Stillwater, MN 55003; Joshua Jones, No. 222266, Shane Kringen, No. 178338, and Marvin Franco-Morales, No. 250893, Minnesota Correctional Facility – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082; and Mitchell Osterloh, No. 214179, Minnesota Correctional Facility – St. Cloud, 2305 Minnesota Boulevard, St. Cloud, MN 56304, *pro se* plaintiffs.

Lindsay LaVoie, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for defendants.

Pro se Plaintiffs Ronnie Jackson, Joshua Jones, Shane Kringen, Marvin Franco-Morales, Mitchell Osterloh, and Jesse Plentyhorse (collectively "Plaintiffs") are all inmates in the custody of the Minnesota Department of Corrections. Plaintiffs bring claims for violations of their constitutional rights under 42 U.S.C. § 1983, alleging that Defendants

were deliberately indifferent to their medical needs, subjected them to unconstitutional conditions of confinement, denied them due process of law, and deprived them of religious freedom.

In a Report and Recommendation ("R&R"), Magistrate Judge Becky R. Thorson has recommended that the Court grant Defendants' Motion to Dismiss in part and dismiss the action as to all claims except for the Eighth Amendment claim against Defendant Mike-Lopez. Defendants object, arguing that the Eighth Amendment claim against Mike-Lopez should also be dismissed.

Upon de novo review of Defendants' objections, the Court will find that Plaintiffs have stated a plausible Eighth Amendment claim against Mike-Lopez. As such, the Court will overrule Defendants' objections and adopt the R&R.

## BACKGROUND

Plaintiffs allege that they were incarcerated at Minnesota Correctional Facility – Oak Park Heights ("MCF-OPH") between May 1, 2017, and July 31, 2017. (Compl. ¶ 1, Sept. 15, 2017, Docket No. 1.) At some point during this time, they were housed in the Administrative Control Unit ("ACU") and involuntarily placed on Administrative Control Status ("ACS"), which required them to participate in a mental health treatment program conducted by an unlicensed mental health professional. (*Id.* ¶¶ 5, 13.) Plaintiffs allege that they were subjected to unconstitutional dehumanizing conditions of confinement while in the ACU for a minimum of 80 days. (*Id.* ¶ 14.) These conditions included:

- being kept alone in a very small cell for 23 hours (and sometimes a full 24 hours) per day;

- no human contact beyond minimal administrative interactions with MCF-OPH staff;
- limited visitations held via video feed rather than in person;
- cells illuminated 24 hours per day by artificial lights;
- insufficient ventilation;
- lack of privacy when using the showers and toilets;
- excessive noise due to other ACU inmates' mental health conditions;
- general lack of cleanliness and insufficient cleaning supplies;
- excessive odors;
- bodily fluids and stains from bodily fluids (including feces, spit, and semen) on the walls and ceiling;
- laundry returned dirty;
- stained and bug-ridden mattresses; and
- lack of exercise and recreation.

(*See id.*)

Plaintiffs allege that Mike-Lopez was "in charge of and responsible for overseeing the overall operations of the ACU . . . within MCF-OPH" and was an ACS committee member who voted to place them in the ACS treatment program. (*Id.* ¶ 6.) Plaintiffs allege that each of them made Mike-Lopez aware of the unconstitutional conditions, but she took no remedial action. (*Id.* ¶ 14.) They also allege that they "made the entire 'ACS' committee aware of the deplorable conditions at their sham hearing but no remedial action was taken." (*Id.*)

## DISCUSSION

### A. Standard of Review

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Federal Rule of Civil Procedure 8(a)(2) requires that Plaintiffs plead "a short and plain statement of the claim showing that [they are] entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* If the facts pled are "merely consistent with" a defendant's liability, they "stop[] short of the line between possibility and plausibility," and the complaint must be dismissed. *Twombly*, 550 U.S. at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Moreover, a complaint must provide more than "labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

### B. Defendants' Objections

Defendants object to the R&R's conclusion regarding the Eighth Amendment claim as pled against Mike-Lopez on three grounds: (1) Plaintiffs' allegations were insufficient as to Mike-Lopez's personal involvement; (2) Plaintiffs failed to state a claim under the Eighth Amendment; and (3) Plaintiffs' request for punitive damages should be dismissed.

#### 1. Mike-Lopez's Personal Involvement

Reviewing the Complaint de novo, the Court finds that there are sufficient allegations regarding Mike-Lopez's personal involvement. Defendants argue that Plaintiffs do not specify when they made Mike-Lopez aware of the conditions. But the allegations in the Complaint are more than sufficient to put Mike-Lopez on notice. Plaintiffs allege that all the conduct giving rise to their action occurred between May 1, 2017, and July 31, 2017, a limited three-month period. They also allege that this conduct occurred when they were in the ACU, which would be an even more limited time period within those three months. Defendants need not cite the exact dates that they informed Mike-Lopez about the conditions to plead a viable claim for relief under Rule 8(a)(2).[1]

The alleged date range is enough to put Mike-Lopez on notice, but Plaintiffs go even further. They allege that they informed the entire ACS committee, of which Mike-Lopez was a member, of their objection to these conditions during their ACS hearing. Plaintiffs

---

[1] Indeed, Defendants seem to be asking the Court to apply the heightened Rule 9(b) fraud pleading standard to this case. *See United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (fraud allegations "must identify who, what, where, when, and how"). Rule 8(a)(2) does not require all these specific details.

have thus specified an event at which they informed Mike-Lopez of the conditions. Because Plaintiffs' allegations against Mike-Lopez on the Eighth Amendment claim are sufficient to put her on notice of what conduct she must defend against, the Court will overrule Defendants' objection and adopt the Magistrate Judge's R&R as to this issue.

### 2. Eighth Amendment Claim

Upon de novo review of the Complaint, the Court finds that Plaintiffs have sufficiently pled an Eighth Amendment claim against Mike-Lopez. Defendants argue that Plaintiffs failed to plead sufficient facts to show that Mike-Lopez's individual conduct created inhumane prison conditions, deprived them of basic necessities, or failed to protect their health and safety. They do not argue that the complained-of conditions would not violate the Eighth Amendment but rather focus on the allegations tying Mike-Lopez to these conditions, which they argue are too speculative and ambiguous to show deliberate indifference.

Again, Plaintiffs allege a generalized time frame when they were subject to the conditions, allege that they each individually made Mike-Lopez aware of the inhumane conditions during this time frame, and specifically allege that they informed the ACS committee – of which Mike-Lopez was a part – about these conditions at their ACS hearing. These allegations are neither speculative nor ambiguous. As such, the Court will overrule Defendants' objection and adopt the R&R as to this issue.

### 3. **Punitive Damages**

Reviewing the Complaint de novo, the Court also finds that Plaintiffs can seek punitive damages against Mike-Lopez. "Punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Schaub v. VonWald*, 638 F.3d 905, 922 (8th Cir. 2011) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The standard required for "reckless or callous indifference" is substantially the same as that required for deliberate indifference. *Tenon v. Dreibelbis*, 190 F. Supp. 3d 412, 418 (M.D. Pa. 2016) (collecting cases).

Defendants again argue that the allegations as to deliberate indifference are speculative and ambiguous. Not so. Plaintiffs allege that Mike-Lopez was specifically notified by them about the conditions of confinement, yet she refused to act. Viewing the Complaint in the light most favorable to Plaintiffs, the allegations are sufficient for the Court to reasonably infer that Mike-Lopez was recklessly or callously indifferent to Plaintiffs' Eight Amendment rights. As such, the Court will overrule Defendants' objections and adopt the R&R as to punitive damages.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections to the Magistrate Judge's Report and Recommendation [Docket No. 94] are **OVERRULED;**

2. The Magistrate Judge's Report and Recommendation [Docket No. 92] is **ADOPTED**;

3. Defendants' Motion to Dismiss [Docket No. 61] is **GRANTED in part and DENIED in part** as described herein;

4. All claims against Defendants Medchill, Ried, Rieser, Rieshus, Roy, and Smith are **DISMISSED**;

5. Plaintiffs' Fourteenth Amendment and First Amendment claims against Defendant Mike-Lopez are **DISMISSED**; and

6. Plaintiffs' requests for declaratory relief, injunctive relief, and compensatory damages are **DISMISSED**.

DATED: February 4, 2019  
at Minneapolis, Minnesota.

      s/John R. Tunheim        
JOHN R. TUNHEIM  
Chief Judge  
United States District Court